IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| STUART MCMULLEN § | |
| § | |
| V. § | A-16-CV-716-LY |
| § | |
| DEANNA CAIN § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
     UNITED STATES DISTRICT JUDGE

Before the Court are Defendant Deanna Cain's Motion to Remand to State Court, Dkt. No. 11, and Plaintiff Stuart McMullen's Response, Dkt. No. 13, as well as McMullen's Motion to Strike for Failure to Include all Pages and Failure to Include Certificate of Service, Dkt. No. 12. The Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Rules.

**I. ANALYSIS**

Plaintiff Stuart McMullen removed this dispute, raising divorce and child custody issues, from Williamson County District Court. Over many pages, McMullen argues that the state court proceedings have violated his civil rights. To that end, he seeks "such appropriate declaratory and injunctive relief as to due process and equal civil rights," as well as damages. Dkt. No. 1 at 16. Defendant Deanna Cain moves to remand this case to state court.

Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972). The court must "accept as true factual allegations in the complaint and all reasonable inferences that can be drawn therefrom." *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). A pro se complaint can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"

*Haines v. Kerner*, 404 U.S. 519, 520–521 (1972). However, a petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. Mbank Houston N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). This Court lacks jurisdiction to hear McMullen's claims under the *Rooker–Feldman* doctrine. As the Fifth Circuit has explained:

> The Supreme Court has definitively established, in what has become known as the *Rooker–Feldman* doctrine, that federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts. If a state court errs the judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for writ of certiorari to the United States Supreme Court.

*Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) (internal quotations and footnotes omitted). Federal courts frequently apply the doctrine to bar federal jurisdiction over family law matters such as child support and divorce proceedings. *See, e.g.*, *Gorzelanczyk v. Baldassone*, 29 F. App'x 402, 403–04 (7th Cir. 2002) (finding suit challenging contempt order enforcing child support order barred by *Rooker–Feldman*); *Laskowski v. Attorney Gen. of Tex.*, 2006 WL 2479101, at *2 (S.D. Tex. Aug.25, 2006) (finding suit challenging child support arrearages barred by *Rooker-Feldman*). As this is a family law matter, under the *Rooker–Feldman* doctrine this Court lacks jurisdiction to entertain McMullen's claim. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (stating the *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and invoking district court review and rejection of those judgments").

In addition, this case is also subject to dismissal under the domestic relations exception to federal jurisdiction. Under the domestic relations exception, federal courts have traditionally refused to adjudicate cases involving marital status or child custody issues. *Rykers v. Alford,* 832 F.2d 895, 899 (5th Cir. 1987). Courts have reasoned that (1) the state courts have greater expertise and interest in domestic matters; (2) such disputes often require ongoing supervision, a task for which the federal courts are not suited; (3) piecemeal adjudication of such disputes increases the chance of different court systems handing down incompatible decrees; and (4) such cases serve no particular federal interest, while crowding the federal court docket. *Id.* at 899-900. "If the federal court must determine which parent should receive custody, what rights the noncustodial parent should have, how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case." *Id.* at 900.

## II.  RECOMMENDATION

Based upon the foregoing, the Magistrate Judge **RECOMMENDS** that the District Court **GRANT** Defendant Deanna Cain's Motion to Remand, Dkt. No. 11, and **REMAND** this action to state court. All other motions should be **DISMISSED AS MOOT**.

## III.  WARNINGS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report

shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 31st day of August, 2016.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE