IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STUART McMULLEN | § | |
| | § | |
| V. | § | A-16-CA-716-LY |
| | § | |
| DEANNA CAIN | § | |

**SUPPLEMENT TO REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

Before the Court are: Defendant's Motion for Rule 11 Sanctions pursuant to 28 U.S.C. § 1447(c) and for Attorney Fees, contained in the Motion to Remand filed on July 20, 2016 (Dkt. No. 11). The District Court referred the above-motion to the undersigned Magistrate Judge for a report and recommendation pursuant to 28 U.S.C. §636(b) and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

**I. GENERAL BACKGROUND**

This case arises from a divorce action in Texas state court. The divorce decree was entered in 2013. There have been numerous post-decree proceedings involving modifications to the custody and management of the couple's child, and related matters. The case was removed by McMullen to this federal court on June 22, 2016. On June 28, 2016, the undersigned denied McMullen's request to proceed IFP, and ordered that he pay a filing fee. He did so on July 8, 2016, and on July 20, 2016, Cain moved to remand the case back to state court. The undersigned recommended that the motion to remand be granted in a Report & Recommendation filed on August 31, 2016.

In addition to seeking remand, Cain also moved for sanctions against McMullen for frivolously removing this case to federal court pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1447(c). The purpose of this Supplement is to address the issue of sanctions.

## II. ANALYSIS

Cain argues that McMullen, who is proceeding *pro se*, frivolously removed this state court domestic dispute to federal court "in an effort to delay the impact of an adverse ruling in state court, as well as to artificially increase the litigation fees associated with this pattern of frivolous and vexatious litigation." Dkt. No. 11 at 11. She seeks sanctions under Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1447(c).

Since the Divorce Decree was entered in 2013, McMullen has filed numerous property division, protective order and child custody modification actions in County Court. After numerous hearings on his various actions, the County Court denied McMullen's requests for relief. The County Court has also imposed sanctions against McMullen and has issued a protective order against him for stalking and threatening Cain. Cain alleges that McMullen has repeatedly violated the state-court divorce decree and has failed to pay child support in 2016. On May 27, 2016, the County Court set a final hearing on the modification action, and Cain's remaining motions for sanctions, motion for restraining order, and motion for modification. The hearing was to be the culmination of many months of previous proceedings. Two weeks before the final hearing, McMullen removed the case to federal court as related above. As already discussed in the previous Report and Recommendation, the removal petition was baseless and had no legal support. Indeed, the relevant law has long prohibited the removal of divorce proceedings, and McMullen had no good faith legal basis for the removal. Further, given the timing of the removal, it appears that it was calculated to delay the inevitable unfavorable outcome he is facing in state court.

**A.     Rule 11**

Cain requests attorney's fees, expenses and costs under Federal Rule of Civil Procedure 11. Rule 11 provides the following:

> A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c). Cain has failed to comply with the procedural requirements of Rule 11, as she has not submitted any evidence that she served the motion on McMullen at least 21 days before seeking sanctions. Accordingly, any request for sanctions under Rule 11 must be denied. See *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (holding that where the party seeking sanctions does not "comply with this procedural prerequisite. . .the sanction and payment of costs and attorneys' fees. . .cannot be upheld under Rule 11.").

**B.     28 U.S.C. § 1447(c)**

Cain also seeks attorney's fees under 28 U.S.C. § 1447(c). Section 1447(c) provides that an order remanding a case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). While there is no automatic entitlement to an award of attorney's fees when a case is remanded, a court "may award attorney's fees when the removing party lacks an objectively reasonable basis for removal." *American Airlines, Inc. v. Sabre, Inc.*, 694 F.3d 539, 542 (5th Cir. 2012) (internal citations and quotations omitted). The United States Supreme Court has explained that "[t]he appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging

litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141(2005). McMullen clearly lacked an "objectively reasonable basis" for removing this family law matter to federal court. As discussed above, the removal was filed for delay and to prolong his divorce litigation with Cain. Accordingly, the Court recommends that the District Court grant Cain's request to recover her attorney's fees under 28 U.S.C. § 1447(c). *See Todd v. Todd*, 2008 WL 2512646 at * 5 (M.D. La. June 23, 2008) (granting request for attorney's fees under § 1447(c), where defendant removed divorce and custody state action to federal court).

In her motion to remand, Cain states that she has incurred at least $5,000 in attorneys' fees in preparing the motion to remand and responding to McMullen's frivolous removal of the divorce proceedings. McMullen has not responded to the merits of either the motion to remand, or the request for sanctions; instead, he has only asserted unpersuasive procedural arguments. The Court finds that the requested sum ($5,000) is reasonable for the work completed on this matter.

### III. RECOMMENDATION

Based upon the foregoing, the undersigned **RECOMMENDS** that the District Court **DENY** Deanna Cain's Motion for Rule 11 Sanctions. **IT IS FURTHER RECOMMENDED** that the District Court **GRANT** Deanna Cain's Motion for Attorney's Fees under 28 U.S.C. § 1447(c), and award Cain $5,000 in attorney's fees for the cost of responding to the removal of this case. . **IT IS FURTHER ORDERED** that this case be **REMOVED** from the undersigned's docket and **RETURNED** to the docket of the Honorable Lee Yeakel.

## IV.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  28 U.S.C. § 636(b)(1)(c); *Thomas v. Arn*, 474 U.S. 140, 150-53, 106 S. Ct. 466, 472-74 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED this 8th day of September, 2016.

                                          ANDREW W. AUSTIN
                                          UNITED STATES MAGISTRATE JUDGE